ANSON v BARRY COUNTY DRAIN COMMISSIONER

Docket No. 164564. Submitted December 13, 1994, at Grand Rapids.
Decided April 28, 1995, at 9:25 A.M.·

Marvin Anson and other Pine Lake waterfront property owners
brought an action in the Barry Circuit Court against the Barry
County Drain Commissioner and Barry County, seeking an
order of mandamus compelling the defendants to enforce a
judgment of the Barry Circuit Court entered in 1969 in an
action, pursuant to the Inland Lake Level Act, MCL 281.61 *et
seq.*; MSA 11.300(1) *et seq.*, that established the normal level of
the lake at 890.5 feet above sea level and ordered that the
maximum level could not exceed 891 feet and the minimum
level could not fall below 890 feet. The defendants admitted
that the lake level was in excess of the maximum level allowed
by the 1969 judgment. The court, Richard M. Shuster, J., on its
own motion, declared the 1969 judgment null and void, ordered
the plaintiffs' complaint dismissed, and ordered that the plain-
tiffs would have to institute a new action to redetermine the
normal level of the lake if they wanted the level of Pine Lake
changed. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court had continuing jurisdiction over the pro-
ceedings that resulted in the 1969 judgment. The court had the
power to order a departure from the lake level as determined
in 1969 upon a showing that such a departure is necessary for
the benefit and welfare of the public. The act does not grant
the trial court authority to abolish the prior determination of
the normal lake level or authorize a departure from that level
without a showing that that level is no longer beneficial. The
act does not require the initiation of a new cause of action
when a change in the lake level is sought following a determi-
nation of the level in an action brought pursuant to the act.

2. The trial court erred in voiding the 1969 judgment and
ordering the dismissal of the plaintiffs' action. The plaintiffs

REFERENCES

Am Jur 2d, Waters §§ 3, 76.
See ALR Index under Lakes and Ponds.

may invoke the court's continuing jurisdiction under MCL 281.70(5); MSA 11.300(10)(5) to assert their claim.

3. The matter must be remanded to the trial court for a hearing, consistent with the procedures in MCL 281.70; MSA 11.300(10), to determine whether a departure from the established normal level is necessary.

4. The plaintiffs' contention that the trial judge should have disqualified himself is without merit.

Reversed and remanded.

WATERS AND WATERCOURSES — INLAND LAKE LEVEL ACT — COURTS — CONTINUING JURISDICTION.

A trial court that determines the normal level to be established and maintained with regard to an inland lake in an action under the Inland Lake Level Act has continuing jurisdiction over the proceedings and, following a subsequent hearing to determine whether a departure from the established normal level is necessary, may order a departure from the established normal lake level upon a showing that such a departure is necessary for the benefit and welfare of the public; a new cause of action need not be initiated when a change in the lake level is sought (MCL 281.63, 281.70; MSA 11.300[3], 11.300[10]).

*Vandervoort, Cooke, McFee, Christ, Carpenter & Fisher, P.C.* (by *Nelson Karre*), for the plaintiffs.

*Dale A. Crowley,* Prosecuting Attorney, for the defendants.

Before: MACKENZIE, P.J., and J. W. FITZGERALD* and C. O. GRATHWOHL,** JJ.

MACKENZIE, P.J. Plaintiffs appeal as of right from an order dismissing their complaint for mandamus and voiding a 1969 judgment. We reverse and remand.

On September 5, 1969, a judgment was entered pursuant to the Inland Lake Level Act, MCL 281.61 *et seq.*; MSA 11.300(1) *et seq.*, establishing

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

the normal level of Pine Lake at 890.5 feet above
sea level, and ordering that the maximum level of
the lake not exceed 891 feet and the minimum
level not fall below 890 feet. The judgment stated
that the normal level could be attained by the
establishment of a well or wells.

In November 1992, plaintiffs, who are Pine Lake
waterfront property owners, filed this action to
enforce the 1969 judgment. They alleged that the
lake had risen to a level in excess of 893 feet,
resulting in the loss of beach front and shoreline,
and damage to sea walls and other improvements.
Defendants' answer admitted that the lake level
exceeded 891 feet, but averred that the 1969 judg-
ment only envisioned raising the lake level
through the use of wells, and that since 1971 the
lake had been allowed to seek its own natural
level.

Plaintiffs subsequently moved for summary dis-
position pursuant to MCR 2.116(C)(10), arguing
that because defendants admitted that the lake
level was in excess of the 1969 judgment maxi-
mum level, there was no genuine issue of material
fact. In support of their motion, plaintiffs pre-
sented numerous affidavits describing plaintiffs'
loss of beach front and trees due to flooding,
flooded sewer systems, and flooded basements and
crawl spaces. They also detailed the expense of
hauling in dirt and sand, rebuilding docks, and
raising levels of patios and boathouses.

Defendants did not file a response to plaintiffs'
motion. At the hearing regarding the motion, how-
ever, they offered letters and affidavits from prop-
erty owners and the Department of Natural Re-
sources taking the position that the present lake
level should not be lowered.

The trial court denied plaintiffs' motion for sum-
mary disposition. The court then, on its own mo-

tion, declared the 1969 judgment null and void and ordered plaintiffs' complaint dismissed. In so doing, the court ruled that the 1969 judgment was too old to be enforced. It also noted that the 1969 proceedings were not subject to new requirements, added in 1992, for initiating an action to determine a lake's normal level. See 1992 PA 52, effective May 20, 1992. On the basis of these considerations, the court ordered that plaintiffs would have to institute a new action to redetermine the normal level of the lake if they wanted the level of Pine Lake changed.

On appeal, plaintiffs contend that the trial court should not have voided the 1969 judgment that determined the normal level of Pine Lake to be 890.5 feet above sea level. We agree.

MCL 281.70(5); MSA 11.300(10)(5), as amended, sets forth the powers and duties of the trial court in an action under the Inland Lake Level Act. The language of that subsection is substantially unchanged from the language of the statute as originally enacted and provides, in relevant part:

The court shall determine the normal level to be established and maintained, shall have continuing jurisdiction, and may provide for departure from the normal level as necessary to accomplish the purposes of this act.

The purpose of the act is to provide for the control and maintenance of inland lake levels for the benefit and welfare of the public. *In re Van Ettan Lake,* 149 Mich App 517, 525; 386 NW2d 572 (1986).

Applying the statute to this case, it is apparent that the trial court had continuing jurisdiction over the 1969 proceedings, and that it had the power to order a *departure* from the lake level as

determined in 1969 *upon a showing that such a departure is necessary for the benefit and welfare of the public.* However, the statute does not grant courts the authority to simply abolish a prior determination of the normal lake level, as the trial court in this case did. Nor does the statute authorize a departure from the established lake level without a showing that that level is no longer beneficial. Further, the statute, as amended, does not contemplate insisting, again as the court in this case did, that the parties initiate a new cause of action when a change in the lake level is sought. Rather, it is clear that the Legislature intended courts to exercise their continuing jurisdiction to decide whether a departure from a previously established level is necessary for the benefit and welfare of the public, and, if so, to provide for such a departure.

In light of the provisions of MCL 281.70(5); MSA 11.300(10)(5), we hold that the trial court erred in voiding the 1969 judgment establishing the normal level of Pine Lake and sua sponte ordering the dismissal of plaintiffs' action. We further hold that plaintiffs need not initiate a new action to determine the normal level of Pine Lake under MCL 281.63; MSA 11.300(3), as amended, but instead may invoke the court's continuing jurisdiction under MCL 281.70(5); MSA 11.300(10)(5) to assert their claim that the 1969 lake level should not be departed from. Until the necessity for a departure from that judgment is demonstrated and the court, in the exercise of its continuing jurisdiction, orders a departure from the 1969 judgment, it remains in effect.

As this case presently stands, a question of fact exists regarding whether the normal level of Pine Lake as established in the 1969 judgment remains

beneficial to the public. To resolve that issue, we remand the matter to the trial court for a hearing to determine whether a departure from the established normal level is necessary. The hearing on remand shall be conducted consistent with the procedures set forth in MCL 281.70; MSA 11.300(10).

Finally, plaintiffs' contention that the trial judge should have disqualified himself from this case pursuant to MCR 2.003(B)(3) is without merit. The judge's limited contact with the Pine Lake Association in 1965 is far too tenuous to overcome the presumption of impartiality. *In re Forfeiture of $1,159,420*, 194 Mich App 134, 151; 486 NW2d 326 (1992).

Reversed and remanded for further proceedings consistent with this opinion. We retain no further jurisdiction.