# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BOBBY COOK,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 318550
Chippewa Circuit Court
LC No. 12-001032-FH

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Defendant was found guilty of being a prisoner in possession of a weapon, MCL 800.283(4), and was sentenced as a fourth habitual offender, MCL 769.12, to 58 months' to 20 years' imprisonment following a bench trial. Defendant appeals as of right. We affirm.

On October 31, 2012, defendant, a prisoner serving his sixth felony sentence, was involved in an incident at Kinross Correctional Facility that led to the current charge and conviction. On July 23, 2013, defendant signed a written waiver form relinquishing his right to a jury trial.

At defendant's bench trial, Corrections Officer Richard Little testified that he observed defendant from 50 feet away "making slashing motions" toward another prisoner with a "metallic" and "shiny" object. Defendant was in the midst of a fight with other prisoners. When Little ordered the men to stop, defendant fled toward the facility's softball fields. Corrections Officer Kim Miller testified that, from the control center, he watched defendant run toward the softball bleachers and saw him throw "something with his left hand" at the base of the bleachers. Corrections Officer David Crimin testified that he pursued defendant toward the softball bleachers and observed him throw an object under the bleachers. Crimin went "directly to the object" and found "a sharpened piece of metal . . . about 7 inches long."

Over seven months after he was found guilty, defendant filed a motion for a new trial and to disqualify Chippewa Circuit Judge James P. Lambros, the judge who presided at his bench trial. In an affidavit accompanying his motion, defendant stated the following:

> On the day that I was convicted as charged by Judge Lambros, I heard one of the MDOC transport officers, Officer Storey, talking on the telephone about the verdict in my case.

-1-

I heard Officer Storey talking to someone about my case and I asked him who he was talking to and he told me, Dave Crimin's brother.

Officer Storey told me that Judge Lambros and Dave Crimin coached a hockey team together and that they also went to high school together.

At the hearing on the motion, Judge Lambros addressed the issue of his alleged association with the Crimin family:

I have no social relationship with the Crimins. Yes I coached a hockey team 15 years ago with Mister Crimin's brother. I've had no social connection with Dan Crimin, Dave Crimin or the Crimin family. I'm not even sure where they live at this point, what their family history is, if they have children, if they are married, if they are divorced. I wouldn't know those things because we're not social friends.

It's not that I don't like them; I don't even know them enough to say whether I do or I don't and I'm sure they would feel the same.

Judge Lambros denied both motions, and the motion to disqualify was referred to the chief judge of the circuit court, who also denied it.

Defendant first argues that the lower court erred in refusing to disqualify Judge Lambros. We disagree. We review defendant's claim regarding judicial disqualification for plain error affecting substantial rights because defendant did not timely file his motion for disqualification within 14 days of discovering the possible grounds for disqualification, and has not demonstrated good cause to excuse the time requirements of MCR 2.003(D)(1)(a).[1] *Kloian v Schwartz*, 272 Mich App 232, 244; 725 NW2d 671 (2006); *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 120 (1999).

Under MCR 2.003(C), disqualification is only necessary when a judge cannot hear a case impartially. *Cain v Dep't of Corrections*, 451 Mich 470, 494; 548 NW2d 210 (1996). MCR 2.003(C)(1) provides that disqualification is warranted under the following circumstances:

(a) The judge is biased or prejudiced for or against a party or attorney.

---

[1] Defendant argues that we should disregard the untimeliness of his motion because at the time he discovered the grounds for disqualification, he "had already been sentenced and was without counsel, waiting for the appointment of appellate counsel, and his appellate counsel raised the motion to disqualify within the time permitted under MCR 6.431(A) to file a motion for a new trial." However, both defendant's affidavit and his motion to disqualify Judge Lambros indicate defendant learned of the possible grounds for disqualification on August 14, 2013. Defendant was represented by trial counsel until October 3, 2013.

(b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, US; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

"A trial judge is presumed to be impartial and the party who asserts partiality has a heavy burden of overcoming that presumption." *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009). We generally require a showing that the source of improper prejudice or bias arose from events or information outside of the judicial proceedings. *Cain*, 451 Mich at 495.

Pursuant to MCR 2.003(C)(1)(a), a defendant must demonstrate that a judge is "actually biased against the defendant or his attorney." *People v Aceval*, 486 Mich 887, 888-889; 781 NW2d 779 (2010). Defendant argues that Judge Lambros demonstrated actual bias because he did not make "any negative statements about the Crimin family" and therefore must have "had a high regard for that family" that bolstered the persuasive weight of Officer Crimin's trial testimony. This argument is logically invalid. It postulates false alternatives. Other alternatives exist, and indeed Judge Lambros provided one. Judge Lambros explained that he had no opinion of the Crimin family, and stated, "It's not that I don't like them; I don't even know them enough to say whether I do or I don't and I'm sure they would feel the same." Therefore, defendant has not overcome the heavy presumption of judicial impartiality. *In re MKK*, 286 Mich App at 566.

The inquiry for judicial disqualification under MCR 2.003(C)(1)(b) is twofold, requiring us to consider "first, whether [a] defendant's due process rights, as enunciated in *Caperton*,[2] would be impaired by [a judge's] participation in th[e] case, and second, whether there was an appearance of impropriety as set forth in Canon 2 of the Michigan Code of Judicial Conduct that would require . . . recusal." *Aceval*, 486 Mich at 889. On appeal, defendant does not argue that his due process rights were violated, leaving only the issue of whether there was an appearance of impropriety. To determine whether an appearance of impropriety exists, we consider " 'whether the [judge's] conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.' " *Id.*, quoting *Caperton*, 556 US at 888. This inquiry is framed through the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances. *Adair v Michigan*, 474 Mich 1027, 1039; 709 NW2d 567 (2006).

Generally, "situations that arose in a judge's past, and that give rise to a request to disqualify, cannot overcome the presumption of impartiality if their connection to the case at hand is too tenuous." *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 600; 640 NW2d 321 (2001). Thus, when there is not an ongoing relationship between the judge and a witness, attorney, or party, or an ongoing reason for possible prejudice, disqualification is unnecessary. *Id.*; see also *Anson v Barry Co Drain Comm'r*, 210 Mich App 322, 327; 533 NW2d 19 (1995).

---

[2] *Caperton v AT Massey Coal Co*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009).

In this case, Judge Lambros did not have an ongoing relationship with Officer Crimin or the Crimin family that would create the appearance of impropriety in the mind of an objective reasonable observer. Judge Lambros explained that 15 years had passed since he coached a hockey team with Officer Crimin's brother, and that he had no ongoing relationship with or knowledge about the Crimin family. Because defendant did not produce any evidence suggesting bias, judicial disqualification was not required under MCR 2.003(C)(1)(b).

Defendant next argues that he did not knowingly and voluntarily waive his right to a jury trial because Judge Lambros did not disclose his past relationship with Officer Crimin. We disagree. We review a lower court's decision to deny a motion for a new trial for an abuse of discretion. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). An abuse of discretion occurs "when the trial court chooses an outcome falling outside [the] principled range of outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). We review a lower court's finding that a defendant validly waived his right to a jury trial for clear error. *People v Williams*, 275 Mich App 194, 197; 737 NW2d 797 (2007). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002).

A criminal defendant has a constitutionally guaranteed right to a jury determination that he is guilty of every element of a charged crime beyond a reasonable doubt. *People v Bearss*, 463 Mich 623, 629; 625 NW2d 10 (2001). However, a defendant may choose to waive his right to a jury trial with the consent of the prosecutor and the approval of the trial court. MCL 763.3. A decision to waive a jury trial must be knowing and voluntary. MCR 6.402(B); *People v Godbold*, 230 Mich App 508, 512; 585 NW2d 13 (1998). To uphold a jury waiver, a court need only find that the defendant understood he had a right to a jury trial and voluntarily waived that right. *People v Reddick*, 187 Mich App 547, 550; 468 NW2d 278 (1991). When the trial court complies with the court rules governing waiver of a jury trial, there is a presumption that a defendant's waiver was knowing, voluntary, and intelligent. *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003).

In this case, defendant does not dispute that the lower court followed the procedural requirements to obtain a valid jury waiver. Rather, defendant argues that his waiver was not knowingly made because Judge Lambros did not disclose that he coached hockey with Officer Crimin's brother in 1999.

Knowledgeable waiver does not require insight regarding the background of a presiding judge, but rather asks whether a defendant "understood his right to have a jury trial." *People v Shields*, 200 Mich App 554, 561; 504 NW2d 711 (1993). Defendant demonstrated knowledge of his right to a jury trial by requesting a jury trial at his pretrial hearing and later by signing a written waiver form that stated that he "voluntarily waive[d] and relinquish[ed] [his] right to a trial by jury." The lower court did not clearly err in finding his waiver was valid, and did not abuse its discretion in refusing to grant defendant a new trial.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola

-4-