PEOPLE v REDDICK

Docket No. 122363. Submitted November 6, 1990, at Lansing. Decided February 20, 1991, at 9:05 A.M. Leave to appeal sought.

Charles L. Reddick, Jr., was convicted of first-degree retail fraud following a bench trial in the Oakland Circuit Court. On the same day, he pleaded guilty of being an habitual offender, fourth offense, and the court, Robert L. Templin, J., sentenced him for the retail fraud conviction, then vacated the sentence and sentenced him to three to fifteen years' imprisonment as a fourth-felony offender. The defendant appealed, alleging that the court did not secure a proper waiver of his right to a jury trial and that the evidence was insufficient to support his conviction.

The Court of Appeals *held:*

The defendant understood that he had a right to a jury trial, and voluntarily waived that right, and the waiver was properly secured. The evidence that the defendant took approximately $150 in merchandise out of the general sales area, past the store's cash registers, and to within ten feet of the front exit, and that he had only a few dollars in his possession and ran from the store when confronted and asked for a receipt was sufficient for the trial court, as trier of fact, to find that the essential elements of first-degree retail fraud were proven beyond a reasonable doubt.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Kathryn G. Barnes,* Assistant Prosecuting Attorney, for the people.

*Law Offices of Louis Demas, P.C.* (by *Randy E. Davidson*), for the defendant.

Before: CYNAR, P.J., and GILLIS and WEAVER, JJ.

PER CURIAM. Following a bench trial, defendant Charles Lawrence Reddick, Jr., was convicted on October 13, 1989, of first-degree retail fraud, MCL 750.356c; MSA 28.588(3). On that same date, defendant pled guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. The trial court sentenced defendant to one to two years' imprisonment for the retail fraud conviction, then vacated that sentence and sentenced him to three to fifteen years' imprisonment as a fourth-felony offender. Defendant appeals as of right. We affirm.

On the morning of April 15, 1989, in a Foodland store in Ferndale, Michigan, defendant was observed by acting store manager Willie Harrington placing groceries into paper bags in his shopping cart. Several minutes later defendant by-passed several open cash registers, pushed his cart past a closed register, and headed toward the front door. Harrington stopped defendant and asked him if he had a receipt for the merchandise in his cart. According to Harrington, defendant became nervous and replied that he did not have a receipt, but that he was going to pay for the goods. Defendant then ran out of the store and into the parking lot before being apprehended by Harrington and another Foodland employee. Defendant was taken to the Foodland security office, and the police were called. An inventory of the items in defendant's two bags revealed merchandise valued at $149.35.

Defendant argues first that he is entitled to a new trial because the trial court did not secure a proper waiver of his right to a jury trial. We disagree.

MCR 6.402(B), which became effective on October 1, 1989, twelve days before the commencement of trial in this case, provides:

Waiver and Record Requirements. Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

The Supreme Court staff note to the rule states:

MCR 6.402 is a new rule. It sets forth a procedure for waiver of jury trial that differs substantially from the requirements set forth in MCL 763.3; MSA 28.856 and the procedure implementing those requirements adopted in *People v Pasley,* 419 Mich 297 (1984).

\* \* \*

The waiver procedure set forth in subrule (B) differs from the statute and the procedure adopted in *Pasley* because it eliminates the written waiver requirement and replaces it with an oral waiver procedure consistent with the waiver procedure applicable at plea proceedings. See 6.302(B)(3). The statutory procedure is superseded by the court rule procedure. See 6.001(E).

On October 12, 1989, the scheduled date for trial, the following exchange occurred on the record:

*Mr. Secrest:* Ready, your Honor, John Secrest on behalf of Mr. Reddick. . . . I've talked to Mr. Reddick and he's conveyed to me that he wishes to have a nonjury bench trial in this matter.
Is that correct, Mr. Reddick?
*Mr. Reddick:* This is correct, sir.

The matter was adjourned until the next day, at which time the following discussion took place:

> *Mr. Rumley [assistant prosecutor]:* Your Honor, we were last here on, I believe it was yesterday, yesterday afternoon, and at that time there was a decision to be made in terms of waiving a jury. I don't know if that decision has been made or not. Mr. Secrest . . .
>
> *Mr. Secrest:* I'd just ask your Honor to inquire of the defendant what's his choice in this matter.
>
> *The Court:* Mr. Reddick, do you wish to proceed with a jury or without a jury?
>
> *Mr. Reddick:* I would like a bench trial, sir. I was informed right in front of you that I was going to trial, sir. I was not informed that I had to—that it was a choice to be made at that time or I would have made the choice then, sir.
>
> *The Court:* Well, if you're making a choice to go to trial now, we're going to trial right now.

Following a fifteen-minute recess to allow defendant time to read the transcript of the preliminary examination and sign the jury waiver form, the following exchange occurred:

> *Mr. Rumley:* I understand now the defendant has completed a jury waiver form that's been tendered to the Court and for the record, the People have no objection to the waiver of jury in this case. We're ready to proceed.
>
> *Mr. Secrest:* What the prosecutor has stated is true and accurate and now we're ready to proceed.

On this record, we find that it would be unreasonable to believe that defendant did not understand that he had a right to a jury trial and did not voluntarily waive that right. Consequently, we find no error requiring reversal. Compare *People v James,* 184 Mich App 457, 461-464; 458 NW2d 911 (1990).

Defendant also argues that the evidence was insufficient to support his conviction. Defendant testified at trial that he was going to leave the groceries at the store and return later with the money to pay for them.

However, when reviewing a sufficiency of the evidence argument, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of a crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). Circumstantial evidence and reasonable inferences arising therefrom can constitute satisfactory proof of the elements of a crime. *People v Kosters,* 175 Mich App 748, 752; 438 NW2d 651 (1989).

In this case, defendant did not merely pick up goods in the sales area of the store. The evidence established that defendant took the merchandise out of the general sales area, past the store's cash registers, and moved to within ten feet of the front exit. When confronted and asked for a receipt, defendant pushed the cart away and ran out the front door and into the parking lot. The groceries in defendant's bags were valued at approximately $150, and defendant had only a few dollars in his possession. We find that such conduct by defendant made his possession adverse to the store. See *Freeman v Meijer, Inc,* 95 Mich App 475, 479; 291 NW2d 87 (1980). Under these facts, we conclude that the evidence was sufficient for the trial court, as trier of fact, to find that the essential elements of first-degree retail fraud were proven beyond a reasonable doubt.

Affirmed.