PEOPLE v MOSLY

Docket No. 241225. Submitted October 8, 2003, at Detroit. Decided October 16, 2003, at 9:00 A.M.

Willie Mosly was convicted following a 1997 bench trial in the Wayne Circuit Court of larceny over $100, MCL 750.356. The defendant appealed by right, and his conviction and sentence were affirmed by the Court of Appeals, Corrigan, C.J., Doctoroff and Fitzgerald, JJ., in an unpublished opinion per curiam, issued on October 23, 1998 (Docket No. 203801). The Supreme Court denied the defendant leave to appeal. 460 Mich 862 (1999). The defendant filed a petition for a writ of habeas corpus with the federal district court, arguing, for the first time, that his waiver of a trial by jury was invalid because the circuit court failed to address the defendant personally and make a determination on the record that the defendant's waiver of his constitutional right to a trial by jury was knowingly and voluntarily made, as required by MCR 6.402(B). The district court held the defendant's petition in abeyance to give the defendant the opportunity to raise this issue in the state courts. The defendant filed a motion for relief from judgment under MCR 6.508 on this basis, and the circuit court, Patricia Fresard, J., concluded that the defendant was entitled to a new trial. The prosecutor appealed by leave granted.

The Court of Appeals *held*:

Although the circuit court failed to comply with MCR 6.402(B), state and federal case law and the facts of this case do not warrant automatic reversal of the defendant's conviction because the defendant failed to show in his motion for relief from judgment that he suffered any actual prejudice as a result of this unpreserved constitutional error. MCR 6.508. The trial record reveals no evidence that the defendant had a reasonably likely chance of acquittal. MCR 6.508(D)(3)(b)(i). Moreover, the facts show that the defendant understood that he had a right to a trial by jury. The defendant executed a written waiver of his right, and testified before the federal district court that he knew he had a right to a jury trial when he signed the waiver form. The defendant's argument that he waived his right because he believed that a different judge would be assigned to the trial does not establish that his waiver was not

knowingly or voluntarily made. Thus, the waiver in this case cannot be considered so offensive to the judicial process that it must not be allowed to stand. MCR 6.508(D)(3)(b)(iii). Because the defendant failed to establish actual prejudice entitling him to relief from judgment, the order of the circuit court granting the defendant a new trial must be reversed.

Reversed.

CRIMINAL LAW — WAIVER OF RIGHT TO JURY TRIAL — RELIEF FROM JUDGMENT.

A defendant is not entitled to relief from judgment on the basis that a trial court failed to comply with the procedure mandated by court rule for a defendant's waiver of the constitutional right to a trial by jury, unless the defendant can show actual prejudice resulting from the error in that the waiver was neither understandingly nor voluntarily made (MCR 6.508[D]; MCR 6.402[B]; US Const Am VI; Const 1963, art 1, § 20).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief of Research, Training, and Appeals, for the people.

*Gurewitz & Raben, PLC* (by *Margaret Sinel Raben*), for the defendant.

Before: KELLY, P.J., and CAVANAGH and TALBOT, JJ.

TALBOT, J. This is the second time this case is before this Court. In 1997, following a bench trial, defendant Willie Mosly was convicted of larceny over $100, MCL 750.356. He was sentenced as a third-offense habitual offender, MCL 769.11, to a term of eighty to 120 months' imprisonment. It is undisputed that, contrary to MCR 6.402(B), the trial court failed to make a determination on the record regarding whether defendant validly waived his right to a trial by jury. However, defendant did not raise this issue during his appeal of right. In that appeal, a different panel of this Court affirmed defendant's conviction in an unpublished opinion. *People v Mosly*, unpublished

opinion per curiam of the Court of Appeals, issued October 23, 1998 (Docket No. 203801). Defendant's application for leave to appeal to our Supreme Court was denied. *People v Mosly*, 460 Mich 862 (1999). Defendant subsequently filed a petition for a writ of habeas corpus with the federal district court, raising the issue of the validity of his waiver of a trial by jury as a basis for relief. The federal district court held defendant's petition in abeyance to give defendant the opportunity to raise the issue in the state courts. Defendant filed a motion for relief from judgment in the Wayne Circuit Court. The circuit court agreed with defendant that the trial court's failure to comply with the mandates of MCR 6.402(B) entitled defendant to a new trial. We granted the prosecutor's application for leave to appeal.

The sole issue before us is whether, in determining a motion for relief from judgment pursuant to MCR 6.508, a trial court's failure to comply with the procedural mandates in MCR 6.402(B) warrants automatic reversal in the absence of a showing of prejudice. We hold that it does not. Accordingly, we reverse the circuit court's order granting defendant a new trial.

## I. STANDARD OF REVIEW

We review for abuse of discretion the circuit court's decision to grant relief from judgment. *People v Ulman*, 244 Mich App 500, 508; 625 NW2d 429 (2001). An abuse of discretion occurs when the trial court's decision is " 'so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " *People v Yost*, 468 Mich 122, 127;

659 NW2d 604 (2003), quoting *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959). The interpretation of a court rule is a question of law that is reviewed de novo. *People v Hawkins*, 468 Mich 488, 497; 668 NW2d 602 (2003).

## II. ANALYSIS

In this case, the trial court expressly declined to question defendant on the record to ascertain the validity of defendant's waiver of his right to trial by jury. Instead, the court determined that the waiver form that defendant signed sufficed to proceed to a bench trial. It is undisputed that the court failed to comply with the procedural mandates in MCR 6.402(B) and that defendant's waiver was not made on the record in open court. MCR 6.402(B) provides:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

The language of the rule is clear. Before accepting a waiver, a trial court must advise the defendant in open court of the constitutional right to trial by a jury and the court must ascertain, by addressing the defendant personally, that the defendant understands the right and voluntarily chooses to give up that right and to be tried by the court. However, the prosecutor argues that defendant failed to show the actual prejudice required for a grant of relief from judgment pursuant to MCR 6.508(D). Defendant does not argue

on appeal that the trial court's failure to comply with the provisions of MCR 6.402(B) violated his rights, only that his waiver of his constitutional right to a jury trial was invalid because it was not made knowingly or voluntarily. Accordingly, we need not determine whether the trial court's failure to follow the mandates of MCR 6.402(B) warrants *an automatic* reversal of defendant's conviction.

Defendant could have raised this issue during his appeal of right but failed to do so. Therefore, defendant's motion for relief from judgment is governed by MCR 6.508(D)(3), which provides, in pertinent part, that the court may not grant relief unless defendant demonstrates:

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, *and*
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
>
> *          *          *
>
> (iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case. [Emphasis added.]

We initially note that the circuit court granted defendant's motion for relief from judgment without determining whether the good cause and actual prejudice requirements were met. From our review of the record, we conclude that defendant satisfied the good cause requirement. MCR 6.508(D)(3)(a). He

demonstrated that his former appellate attorney failed to raise the jury waiver issue in the prior appeal, despite defendant's request that the issue be raised. Defendant's prior appellate counsel subsequently agreed to raise the issue in a supplemental brief, but a different panel of this Court denied counsel's request to file the supplemental brief.

However, we conclude that defendant cannot establish actual prejudice. Under MCR 6.508(D)(3)(b)(i), defendant was required to show that, but for the alleged error, he had a reasonably likely chance of acquittal. Our review of the record of the 1997 trial does not show that there was a reasonable likelihood that defendant would have been acquitted had he been tried before a jury rather then a judge.

According to MCR 6.508(D)(3)(b)(iii), actual prejudice may also be established if "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." Both the federal and state constitutions guarantee a defendant the right to a jury trial. US Const, Ams VI, XIV; Const 1963, art 1, § 20. Formerly, MCL 763.3 established the procedure for ensuring that a defendant who elects to be tried before a judge knowingly and voluntarily waived his right to a jury. However, the procedure for securing a waiver is now governed by MCR 6.402(B), which became effective October 1, 1989. *People v Reddick*, 187 Mich App 547, 548-549; 468 NW2d 278 (1991). The main difference between the statute and the court rule is that the court rule requires an on-the-record oral waiver pro-

cedure, whereas the statute primarily relied on the execution of a written waiver form.[1] *Id.* at 549.

Although the trial court clearly failed to comply with the oral waiver procedure set forth in MCR 6.402(B), we are not persuaded that the trial court's failure to follow the rule requires reversal if the record establishes that defendant nonetheless understood that he had a right to a trial by jury and voluntarily chose to waive that right. In the federal courts, a trial court's failure to follow procedural rules for securing a waiver of the right to a jury trial does not violate the federal constitution nor does it require automatic reversal. *United States v Bishop*, 291 F3d 1100, 1113 (CA 9, 2002); *United States v Robertson*, 45 F3d 1423, 1431 (CA 10, 1995); *United States v Rodriguez*, 888 F2d 519, 527-528 (CA 7, 1989). Indeed, compliance with the court rules only creates a presumption that a defendant's waiver was voluntary, knowing, and intelligent. *Bishop, supra.* If a defendant's waiver was otherwise knowingly, voluntarily, and intelligently made, reversal will not be predicated on a waiver that is invalid under the court rules, *Robertson, supra*, because courts will disregard errors that do not affect the substantial rights of a defendant, *Rodriguez, supra.*

The holdings in the above federal cases accord with the Michigan Supreme Court's recent decision in

---

[1] The federal district court and the circuit court in this case both relied on the decision in *People v Pasley*, 419 Mich 297, 302-303; 353 NW2d 440 (1984). The decision in *Pasley* was superseded by MCR 6.402(B). See Supreme Court Staff Note to MCR 6.402(B); *Reddick, supra* at 549. Nonetheless, the requirement in *Pasley* that the trial court make an on-the-record inquiry that the defendant personally, voluntarily, and understandingly chose to waive his right to trial by jury is similar to that mandated by MCR 6.204(B).

*People v Carines*, 460 Mich 750, 761-767; 597 NW2d 130 (1999), which held that reversal was not warranted on the basis of an unpreserved constitutional error unless the error was plain on the record and affected the defendant's substantial rights, that is, the error was prejudicial. The *Carines* Court further held that a reviewing court should not reverse unless it concludes that the defendant is actually innocent or that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* Further, " '[r]ules of automatic reversal are disfavored, for a host of obvious reasons.' " *People v Belanger*, 454 Mich 571, 575; 563 NW2d 665 (1997), quoting *People v Mosko*, 441 Mich 496, 502; 495 NW2d 534 (1992).

Therefore, we hold that defendant was required to establish in his motion for relief from judgment under MCR 6.508(D) that his waiver failed to comport with the requirements for obtaining a valid waiver of his constitutional right to a trial by jury. This means that defendant was required to establish that the waiver was neither understandingly nor voluntarily made, not merely that the trial court failed to strictly comply with MCR 6.402(B).

As defendant asserts on appeal, there is no presumption of waiver from a silent record. *Boykin v Alabama*, 395 US 238, 243; 89 S Ct 1709; 23 L Ed 2d 274 (1969). In this case, the record is not silent. The evidence shows that, before trial, defendant executed a written waiver form wherein he acknowledged having been advised of his constitutional right to a jury trial and that he was voluntarily waiving that right. Although defendant contends that he could not read the waiver form when he signed it in the lockup,

defendant expressly testified at the evidentiary hearing before the federal district court that, when he signed the waiver form, he knew that he had a right to a jury trial from his research in the prison law library. Therefore, the record establishes that defendant understood that he had a right to trial by a jury, thus satisfying part of the requirement of MCR 6.402(B).

With regard to the requirement that defendant voluntarily chose to waive his right to trial by jury pursuant to MCR 6.402(B), the circuit court's decision granting defendant relief from judgment was based on defendant's claim that he agreed to waive a jury only because he thought a different judge would be assigned to his case. These facts do not establish that defendant's wavier was not voluntarily made. Defendant never voiced any objection, either to the judge or his attorney, when the bench trial began before the originally assigned judge. Had defendant unequivocally understood that his case would be reassigned upon waiving a jury trial, as he claimed in his motion for relief from judgment,[2] it is reasonable to conclude that he would have said something at that point, at least to his attorney. At most, the record reflects that defendant made a last-minute strategic decision to waive his right to a trial by jury because of the possibility that reassignment might be necessary if the assigned judge had too many other cases scheduled for the same day. As the prosecution points out on appeal, MCL 763.4 provides that where a defendant waives his right to a trial by jury, "*any* judge of the

---

[2] Defendant does not argue on appeal that he signed the waiver form because he believed that his case would be assigned to a different judge.

court in which said cause is pending shall have jurisdiction to proceed with the trial of said cause . . . ." (Emphasis added.) But see *Fitzgerald v Withrow*, 292 F3d 500, 503-504 (CA 6, 2002) (a defendant is not entitled to make a limited or conditional waiver of his right to a jury trial). Further, defendant admitted to signing the form, and the record reflects that, contrary to his claim, he did have a reasonable opportunity to review it before signing it. This record does not support defendant's claim that he did not voluntarily choose to waive his right to a trial by jury.

In sum, although the trial court failed to comply with MCR 6.402(B), the record establishes that defendant understood that he had a right to a trial by jury and that he voluntarily waived that right. Thus, the waiver in this case cannot be considered so "offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." MCR 6.508(D)(3)(b)(iii). Defendant failed to establish actual prejudice entitling him to relief from judgment. Accordingly, we reverse the circuit court's order granting defendant a new trial.

Reversed.