# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VICTOR ALEJANDRO TORRES-RIVERA,

Defendant-Appellant.

UNPUBLISHED
February 21, 2017

No. 329387
Wayne Circuit Court
LC No. 14-009472-01-FC

Before: GLEICHER, P.J., and MURRAY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his convictions, following a bench trial, of three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (person under 13 years of age), three counts of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(a) (person under 13 years of age), and one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (person under 13 years of age).[1] We affirm.

Defendant's sole claim on appeal is that he did not "understandingly[,]" voluntarily and intelligently waive his right to a jury trial. This issue has not been preserved for appeal where a review of the record confirms that defendant did not object to proceeding to trial without a jury and he did not challenge the trial court's acceptance of his jury waiver. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Likewise, the trial court did not consider this issue. *Id*. We review unpreserved constitutional issues for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

The Michigan Supreme Court has recognized that the right to a jury trial in a criminal felony prosecution is "fundamental[,]" and is protected by both the federal and state constitutions. *People v Allen*, 466 Mich 86, 90; 643 NW2d 227 (2002), citing *Duncan v Louisiana*, 391 US 145, 149; 88 S Ct 1444; 20 L Ed 2d 491 (1968); US Const Am VI; Const 1963; art 1, § 20. A criminal defendant may waive the constitutional right to a trial by jury if the

---

[1] Defendant was sentenced to concurrent terms of 25 to 50 years' imprisonment for the CSC I convictions, and 5 to 15 years' imprisonment for the remaining CSC II and CSC III convictions.

-1-

prosecutor consents and the trial court approves. MCL 763.3(1). The waiver must be made in open court and after the defendant has had the opportunity to consult with counsel. MCL 763.3(2). A defendant cannot waive his right to a jury until he "has been arraigned and has had opportunity to consult with legal counsel." MCL 763.3(2). The governing court rule, MCR 6.402(B) provides, in pertinent part, as follows:

> **Waiver and Record Requirements.** Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

There is a presumption that the waiver is knowing, voluntary, and intelligent if the record confirms that the trial court complied with the court rule. *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003).

In the instant case, defendant waived his right to a jury trial after he was arraigned. Defendant also, under oath, acknowledged on the record before the trial court that he had consulted with his attorney before effectuating the waiver. Defendant's attorney acknowledged, by signing the written waiver form, part of the lower court record, that she had advised defendant of his constitutional right to a trial by jury. The trial court also specifically advised defendant that he had a constitutional right to a trial by jury and that by waiving that right, the trial court alone, acting as the trier of fact, would decide his guilt or innocence. Defendant stated that he understood his right to a trial by jury and that he was voluntarily giving up that right, which he confirmed by signing the written waiver. The trial court also took the time to confirm that defendant did not make his waiver under duress or because of any promise made to him. As the prosecution observes in its brief on appeal, this Court concluded that a similar factual record supported a valid waiver in *People v Shields*, 200 Mich App 554, 560-561; 504 NW2d 711 (1993).

Relying on *United States v Martin*, 704 F2d 267 (CA 6, 1983), defendant contends that he should have been provided additional advice about the right to a jury trial in order to make an intelligent waiver. In *Martin*, 704 F2d at 274-275, the United States Court of Appeals for the Sixth Circuit held, in pertinent part, as follows:

> Moreover, a defendant ignorant of the nature of the jury trial right cannot intelligently weigh the value of the safeguard. A defendant, therefore, should have both the mental ability and some knowledge of the jury trial right before he is allowed to waive it. A technical knowledge of the jury trial right, however, is not what is required. A defendant is sufficiently informed to make an intelligent waiver if he was aware that a jury is composed of 12 members of the community, he may participate in the selection of the jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right. See *United States v Delgado*, 635 F2d 889, 890 (CA 7, 1981). Knowledge of these essential attributes is generally sufficient to enable a defendant to make a knowing and intelligent decision.

-2-

\* \* \*

> At a minimum, a defendant should be informed that a jury is composed of 12 members of the community, he may participate in the selection of jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right. See [*Delgado*, 635 F2d at 890]. [Citations omitted.]

The *Martin* Court also held that "[t]here is no constitutional requirement that a court conduct an on the record colloquy with the defendant prior to the jury trial waiver." *Martin*, 704 F2d at 274. In *Delgado*, 635 F2d at 890,[2] the case on which the *Martin* Court primarily relied, the United States Court of Appeals for the Seventh Circuit stated that federal district courts in that circuit were required to explain the following to a defendant:

> We take this opportunity to advise the trial courts that they should explain that a jury is composed of twelve members of the community, that the defendant may participate in the selection of jurors, and that the verdict of the jury is unanimous. The court should inform the defendant that if he waives a jury, the judge alone will decide guilt or innocence. After informing the defendant of these factors, the trial court should then ascertain whether the defendant wishes to waive his right to a jury trial. Only after this type of inquiry will the court be able to determine that the defendant understands his right to a jury trial and the consequences of waiver.

However, the United States Court of Appeals for the Sixth Circuit has held that the advice required under *Delgado* is not a requirement of the constitution. *United States v Sammons*, 918 F2d 592, 597 (CA 6, 1990). Likewise, "a defendant may make a knowing, intelligent waiver of the right to trial by jury without receiving the admonitions in the *Delgado* warning." *United States v Rodriguez*, 888 F2d 519, 528 (CA 7, 1989) (citation omitted). Moreover, in *Shields*, 200 Mich App at 560-561, this Court held that "the trial court properly ascertained that [the] defendant understood his right to have a jury trial and that he voluntarily waived that right[,]" even where the trial court did not give the defendant any further specific information concerning the nature of his right to a jury trial. Further, this Court has expressly rejected the argument that a waiver of the right to a jury trial is not valid unless the trial court specifically advises the defendant that a jury's verdict must be unanimous, and that in a bench trial a defendant's guilt or innocence is determined by a single person. *People v James (After Remand)*, 192 Mich App 568, 570-571; 481 NW2d 715 (1992). Our research also did not yield any Michigan authority requiring a trial court to inform a defendant about the right to a jury trial as set forth in *Delgado*.

---

[2] In *United States v Rodriguez*, 888 F2d 519, 527-528 (CA 7, 1989), the United States Court of Appeals for the Seventh Circuit, considering *Delgado*, noted that pursuant to federal statute and court rule, the federal courts are required to "disregard errors that do not affect the substantial rights of the parties." The *Rodriguez* Court also observed that prior precedent in that circuit precluded courts from exercising their supervisory right to "reverse judgments without inquiring whether the error affected substantial rights." *Id*. at 528.

While the trial court did not specifically inform defendant of the exact nature of the right to a trial by jury, the trial court did make sure to inform defendant twice that the trial court alone would determine his guilt or innocence and would act as the trier of fact. The trial court took great care to ensure that defendant understood his right to trial by jury, and that he voluntarily waived that right and agreed to be tried by the court. Put simply, the trial court's conduct complied with MCR 6.402. Defendant also entered the waiver after stating that he had discussed his choice with his legal counsel. The record simply does not contain evidence to counteract the presumption that defendant's waiver of his right to a trial by jury was anything but knowing, voluntary and intelligent where the trial court complied with the court rule. *Mosly*, 259 Mich App at 96. In *Brady v United States*, 397 US 742, 748; 90 S Ct 1463; 25 L Ed 2d 747 (1970), the United States Supreme Court stated that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." (Footnote and citations omitted.) After a close review of the record, we are satisfied that defendant's action in waiving his constitutional right to a jury trial was made with the awareness required by *Brady*. Therefore, defendant has failed to demonstrate any error with regard to his choice to proceed with a bench trial.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Christopher M. Murray
/s/ Karen M. Fort Hood

-4-