*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY RAY HARRIS, also known as RAY
HARRIS ANTHONY, also known as ANTHONY
RAY HARRIS, JR., also known as TONY
HARRIS, JR.,

Defendant-Appellant.

UNPUBLISHED
January 21, 2020

No. 346048
Washtenaw Circuit Court
LC No. 17-000296-FC

Before: BOONSTRA, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

Defendant appeals by right his bench trial convictions of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, four counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, and one count of accosting a child for immoral purposes, MCL 750.145a. The trial court sentenced defendant to concurrent prison terms of 25 to 45 years for each CSC-I conviction, 10 to 15 years for each CSC-II conviction, and 24 months to 4 years for the accosting a child for immoral purposes conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant is the father of two daughters, AH and BR, who accused him of multiple sexual assaults. AH was 9 years old at the time; BR was between 11 and 12 years old.

Before trial, defendant signed a written waiver of his right to a jury trial, stating that he "voluntarily waive[d] and relinquish[ed his] right to a trial by jury and elect[ed] to be tried by a judge." Before the bench trial began, the trial court discussed the waiver with defendant:

> *The Court*: [Defendant], you've signed this jury trial waiver form. You understand that just means that you give up your right to have a case tried by a jury, and I'll be trying it myself alone.

-1-

*Defendant*: Yes, sir.

*The Court*: And that's acceptable with you.

*Defendant*: Yes.

*The Court*: All right, well, all parties have signed off, so we'll set the matter as indicated, the 22nd of September at 9 a.m. for a bench trial. Bond is continued.

At trial, AH testified that defendant sexually assaulted her on three separate occasions. On all three occasions, according to AH, defendant called her to his room, asked her to put shorts on, and asked for a massage; defendant then touched and slightly penetrated her vagina digitally or forced her to touch his penis. On the third occasion, defendant also asked her to lick his penis, but she declined.[1] BR testified that defendant sexually assaulted her in a similar manner on three occasions, asking for a massage and then touching her vagina or reaching under her shirt and bra to touch her breasts.

Defendant testified at trial that he never asked AH or BR for massages and that he never touched them sexually, asserting that the girls had made false allegations because they did not like how he was treating their mother and did not want him around. He also testified that AH and BR had been reprimanded for watching pornography a few days before making these allegations and that they had made the false allegations to avoid getting into trouble.

The trial court convicted defendant as stated. This appeal followed. After filing his claim of appeal, defendant moved this Court to remand for a *Ginther*[2] hearing on the issue of his trial counsel's effectiveness. This Court denied the motion without prejudice to this panel subsequently making its own determination.[3]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he received ineffective assistance of counsel because his defense counsel did not seek the assistance of an expert witness to testify regarding the reliability of the children's testimony. We disagree. Whether a defendant received ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). This Court reviews for clear error a trial court's findings of fact, but reviews de novo questions of law. *Id*. Defendant preserved his claim of ineffective assistance of counsel by filing a motion asking this Court to remand for a *Ginther* hearing. See *People v Ginther*, 390 Mich 436, 442-443, 212 NW2d 922 (1973); *People v Sabin*, 242 Mich

---

[1] This incident was the basis of the accosting a child for immoral purposes charge.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] See *People v Harris*, unpublished order of the Court of Appeals, entered March 26, 2019 (Docket No. 346048).

App 656, 658-659; 620 NW2d 19 (2000). Because a *Ginther* hearing has not been held, our review of his counsel's effectiveness is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). However, in the context of determining whether remand for a *Ginther* hearing is warranted, we may consider evidence presented by defendant even if it not part of the record. See *People v Moore*, 493 Mich 933, 933; 825 NW2d 580 (2013).

In order to receive a new trial on the basis of ineffective assistance of counsel, defendant "must show both that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Smith v Spisak*, 558 US 139, 149; 130 S Ct 676; 175 L Ed 2d 595 (2010) (quotation marks and citation omitted); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "Because defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

An attorney's decision whether to retain an expert witness is generally a matter of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy. In general, the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *Id*. (quotation marks and citations omitted). A defense is substantial if it is one that might have made a difference at trial. See *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Defense counsel is afforded wide latitude on matters of trial strategy, and we will not substitute our judgment for that of defense counsel, nor will we review the record with the added benefit of hindsight on such matters or second-guess defense counsel's judgment on matters of trial strategy. See *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). "There are countless ways to provide effective assistance in any given case," and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "The fact that the strategy chosen by defense counsel did not work does not constitute ineffective assistance of counsel." *People v Williams*, 240 Mich App 316, 332; 614 NW2d 647 (2000).

Defendant argues that defense counsel's failure to call an expert witness in forensic psychology to testify regarding the reliability of the children's testimony constituted ineffective assistance of counsel. We disagree. Although defendant has provided an affidavit from a potential expert witness, that affidavit merely states generally that there are a "variety of reasons" why a child's testimony may be unreliable, but it does not identify any specific unreliability in AH's or BR's testimony to which the expert would have testified had he been retained. Defendant has not established the factual predicate for his claim. See *Carbin*, 463 Mich at 600.

Further, the record shows that defense counsel repeatedly cross-examined AH and BR concerning inconsistent statements that they made during forensic interviews and preliminary examinations before trial. We are not convinced that defense counsel's decision to pursue a strategy of directly questioning the complainants regarding their inconsistent statements, rather

than enlisting an expert witness to testify regarding the *reasons* why they may have made such statements, was not a sound trial strategy, albeit an unsuccessful one in this case. See *Unger*, 278 Mich App at 242-243.

In any event, even assuming that defense counsel's failure to call an expert witness fell below an objective standard of reasonableness, defendant has not shown prejudice. See *Trakhtenberg*, 493 Mich at 51. The trier of fact is tasked with determining how much weight to afford to testimony. See *People v Breeding*, 284 Mich App 471, 487; 772 NW2d 810 (2009). The trier of fact "is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). In this case, the trier of fact heard AH's and BR's testimony, and was also presented with evidence that they had made inconsistent statements on prior occasions. These inconsistent statements concerned certain specific details of the alleged assaults; the complainants remained relatively consistent concerning the overall nature of the assaults, although defense counsel did elicit testimony from BR that she had initially only disclosed two assaults to a forensic interviewer, not three. Defendant has not presented any evidence that his proposed expert witness would have opined specifically that AH's and BR's trial testimony was unreliable. On the whole, defendant has not shown that his proposed expert's testimony was reasonably likely to have altered the outcome of the proceeding. *Payne*, 285 Mich App at 190.

We conclude that defendant has not demonstrated that his counsel was ineffective. *Trakhtenberg*, 493 Mich at 51. Nor has he demonstrated a need to remand for a *Ginther* hearing to resolve this issue. See *Carbin*, 463 Mich 590.

### III. WAIVER OF JURY TRIAL

Defendant also argues that the trial court erred by accepting his jury-trial waiver because he did not make the waiver knowingly and voluntarily. We disagree. This Court reviews unpreserved constitutional issues for plain error affecting substantial rights. *People v Walker*, 273 Mich App 56, 65-66; 728 NW2d 902 (2006).

A criminal defendant has a constitutionally guaranteed right to a jury trial. US Const, Am VI; Const 1963, art 1, § 20. However, a defendant may waive his right to a jury trial. See MCR 6.401. Under MCR 6.402(A), a trial court may not accept a defendant's waiver until he or she has had the opportunity to consult with a lawyer. MCR 6.402(B) further provides:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

A defendant's waiver is presumptively valid if the trial court complied with MCR 6.402(B). *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003).

We conclude that the trial court properly ascertained that defendant understood his right to a jury trial and that he voluntarily waived that right. See *People v Shields*, 200 Mich App 554, 560-561; 504 NW2d 711 (1993). We reject defendant's comparison to *People v Cook*, 285 Mich

App 420; 776 NW2d 164 (2009). In *Cook*, the defendant did not sign a written waiver form, nor did the trial court inform the defendant of his constitutional right to a jury trial. *Id*. at 423. Further, the defendant objected when the trial court found that he had waived his right to a jury trial. *Id*. In this case, defendant signed a written waiver, the trial court informed him of his right to a jury trial, and defendant acknowledged that he understood and did not object or contend that his waiver was involuntary. See *id*. at 423. Although the trial court did not, when discussing the matter with defendant, specifically identify the right as a "constitutional" one, it did make clear that defendant had a right to a trial by jury. The trial court did not plainly err in its advice to defendant merely by referring to a "right" rather than a "constitutional right," particularly since the discussion related to defendant's signature on a written jury-trial waiver form that *did* advise defendant that his right to a jury trial was a constitutional one. Relatedly, because there is no merit to defendant's contention that the trial court failed to comply with MCR 6.402, defense counsel was not ineffective for failing to raise a futile objection. See *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

Affirmed.

/s/ Mark T. Boonstra
/s/ Jonathan Tukel
/s/ Anica Letica