*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CANDACE RENEE GUYTON,

       Defendant-Appellant.

UNPUBLISHED
September 2, 2021

No. 354221
Kent Circuit Court
LC No. 19-001492-FC

Before: TUKEL, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Defendant pleaded guilty pursuant to a plea agreement charging armed robbery, MCL 750.529. In exchange for defendant's guilty plea, the prosecutor dropped a separate case against her and a third habitual offender sentencing enhancement. Defendant sought to withdraw her guilty plea after sentencing because she qualified only as a second habitual offender, not a third habitual offender, and, therefore, she contends that she did not actually understand the full context of her plea agreement. The trial court denied defendant's motion, concluding that defendant's guilty plea was knowing, understanding, and voluntary despite the mistake regarding her habitual offender status. We agree.

Defendant also contends that she is entitled to resentencing because she was sentenced based on inaccurate information. She alternatively argues that her presentence investigation report (PSIR) should be amended. As discussed in greater detail later, we conclude that defendant waived her argument that she was sentenced based on inaccurate information, but we remand for the ministerial task of amending her PSIR.

## I. UNDERLYING FACTS

Defendant participated in the armed robbery of a restaurant with her accomplice, Kenneth Agnew. According to an employee of the restaurant who was on duty at the time, Agnew and defendant entered the restaurant near closing time. Defendant had a plastic bag and Agnew directed the employee to the cash register and displayed what appeared to be a gun. The employee resisted Agnew's instructions and called out to her coworkers; defendant and Agnew fled. Grand Rapids Police Detective Amanda Johnson recovered Agnew's phone from the scene of another

-1-

restaurant robbery close in time, and Agnew implicated defendant. Defendant disclosed her involvement in the robbery to another officer and in jail phone calls with Agnew.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion the decision of a trial court regarding a motion to withdraw a plea. *People v Brinkey*, 327 Mich App 94, 97; 932 NW2d 232 (2019). This Court also reviews a trial court's decision on a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989).[1] The same standard applies to a trial court's response to a claim of inaccuracy in a PSIR. *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015).

## III. PLEA WITHDRAWAL

"While there is no absolute right to withdraw a guilty plea once the trial court has accepted it, a defendant may move to have his or her plea set aside on the basis of an error in the plea proceedings." *Brinkey*, 327 Mich App at 97 (quotation marks and citation omitted). "[A] motion to withdraw a guilty plea after sentencing is governed by MCR 6.310(C)." *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016). In relevant part, MCR 6.310(C)(3) states:

> If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals.[2]

"In other words, under MCR 6.310(C), a defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *Brinkey*, 327 Mich App at 97 (quotation marks and citation omitted).

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

[2] MCR 6.310 was amended effective December 31, 2020, after defendant's guilty plea. The amendment moved the language from what was previously MCR 6.310(C)(4) in its entirety to MCR 6.310(C)(3). For ease of reference, we will refer to the current version of MCR 6.310 because it is identical to the language of the old MCR 6.310(C)(4).

Guilty pleas are governed by MCR 6.302, but strict compliance with MCR 6.302 is not essential. *Id.* Rather, "[o]ur Supreme Court has adopted a doctrine of substantial compliance, and whether a particular departure from the requirements of MCR 6.302 justifies or requires reversal depends on the nature of the noncompliance." *Id.* "Automatic invalidation of a plea due to a violation of MCR 6.302 is only required if the defendant establishes that the waiver was neither understandingly nor voluntarily made, not merely 'that the trial court failed to strictly comply with MCR 6.402(B).' " *Id.* (citation omitted).[3]

> To ensure that a guilty plea is accurate, the trial court must establish a factual basis for the plea. In order for a plea to be voluntary and understanding, the defendant must be fully aware of the direct consequences of the plea. The penalty to be imposed is the most obvious direct consequence of a conviction. Therefore, MCR 6.302(B)(2) requires the trial court to advise a defendant, prior to the defendant's entering a plea, of the maximum possible sentence for the offense and any mandatory minimum sentence required by law." [*People v Pointer-Bey*, 321 Mich App 609, 616; 909 NW2d 523 (2017) (quotation marks, citations, and ellipsis omitted).]

"[B]ecause the understanding, voluntary, and accurate components of MCR 6.302(A) are premised on the requirements of constitutional due process, a trial court may, in certain circumstances, be required to inform a defendant about facts not explicitly required by MCR 6.302." *Blanton*, 317 Mich App at 119 (quotation marks, brackets, and citation omitted). "Furthermore, when a defendant is not fully informed about the penalties to be imposed, there is a clear defect in the plea proceedings because the defendant is unable to make an understanding plea under MCR 6.302(B). Finally, a plea that is not voluntary and understanding violates the state and federal Due Process Clauses." *Brinkey*, 327 Mich App at 99 (quotation marks, brackets, and citations omitted).[4]

Defendant argues that her plea was not understanding and voluntary because the prosecutor misinformed her that, by pleading guilty, defendant would not be prosecuted as a third habitual offender. The prosecutor, however, was mistaken because defendant had only one prior felony conviction and, therefore, she could have been prosecuted as only a second habitual offender. See MCL 769.10. Defendant's minimum sentence guidelines range without enhancement was 51 to

---

[3] *Brinkey* cites MCR 6.402(B), but does so in a quotation that traces back to *People v Mosly*, 259 Mich App 90, 97; 672 NW2d 897 (2003). At that time, MCR 6.402(B) addressed a defendant's right to waive his or her right to a jury trial, see *id.* at 93, but now the court rule addressing waiver of jury trials, the issue presented here, can be found in MCR 6.302.

[4] We additionally note that a defendant may withdraw his or her guilty plea if it was illusory. See, e.g., *Pointer-Bey*, 321 Mich App at 621 ("A criminal defendant may be entitled to withdraw his or her guilty plea if the bargain on which the guilty plea was based was illusory, i.e., the defendant received no benefit from the agreement."). Defendant, however, specifically stated in her brief on appeal that she is not arguing that her guilty plea was illusory. As such, we will not address the issue further.

85 months, the upper value of which increased to 106 months as a second habitual offender, and to 127 months as a third habitual offender. MCL 777.21; MCL 777.62.

In a plea agreement, the defendant is "persuaded to surrender his valuable right to trial with its accompanying rights and procedural safeguards in exchange for concessions aimed at sentence reduction and certainty." *People v Killebrew*, 416 Mich 189, 200; 330 NW2d 834 (1982). Thus, the defendant "is bargaining for the length of his incarceration" and will "know in advance what will happen to him when he leaves the courtroom." *Id*. A plea may not be understanding and voluntary when a defendant is misinformed of the benefits of the plea, such as when the prosecution promises to dismiss a charge for which a legal bar precludes conviction. *People v Graves*, 207 Mich App 217, 219-220; 523 NW2d 876 (1994) (bargaining for dismissal of second count of armed robbery when as a matter of law defendant could only be convicted of a single count). This includes when a court gives the defendant an exaggerated belief in the benefits of the plea. *People v Lawson*, 75 Mich App 726, 730; 255 NW2d 748 (1977), citing *Hammond v United States*, 528 F2d 15, 19 (CA 4, 1975) (promising the defendant that the prosecution would not seek consecutive sentences even though the trial court could not have imposed consecutive sentences).

Whether a plea is voluntary depends on the defendant's knowledge "of the actual value of the bargain" offered by the prosecutor. *People v Williams*, 153 Mich App 346, 350; 395 NW2d 316 (1986). In this case, defendant understood that she was agreeing to the dismissal of one case against her, as well as a guidelines minimum sentence of up to 85 months, rather than up to the 127 months she was erroneously led to believe was a possible sentence as a third habitual offender, when the maximum permissible sentence would have been up to 106 months as a second habitual offender. Thus, the misinformation led defendant to believe that her bargain included insulating her minimum sentence from potentially 42 additional months, when the benefit she actually received was insulation from potentially just 21 additional months.

Consequently, defendant did not receive the actual benefit of the bargain she thought she had struck. Defendant did, however, still retain significant benefits as a result of the plea bargain. Indeed, a second case against defendant was dropped and she was not sentenced as a habitual offender even though she qualified as a second habitual offender. The bargain was for a guidelines-range sentence regardless of the degree of enhancement defendant thus avoided. Even though defendant could not have been sentenced as a third offender, she was still properly informed of her potential statutory minimum and maximum sentences. As such, even though there were errors in the plea taking process, the trial court and prosecutor substantially complied with MCR 6.302. Consequently, the trial court did not abuse its discretion by denying defendant's motion to withdraw her guilty plea.

## IV. MOTION FOR RESENTENCING

Defendant argues that she is entitled to resentencing because the PSIR inaccurately stated that the gun used in the robbery was real and the trial court relied on that information during sentencing. Defendant waived the issue, however, so she is not entitled to relief on this ground.

Waiver occurs when a defendant "affirmatively approve[s]" of an issue before the trial court, only to later argue on appeal that there was error. *People v Jackson*, 313 Mich App 409, 420; 884 NW2d 297 (2015). "Because error requiring reversal cannot be error to which the

aggrieved party contributed by plan or negligence," a defendant's approval of a trial court decision waives the right to appeal. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003), disapproved in part on other grounds 469 Mich 967 (2003) (citation and quotation marks omitted). When waiver occurs, any error is extinguished "and precludes [a] defendant from raising the issue on appeal." *People v Carter*, 462 Mich 206, 209, 215; 612 NW2d 144 (2000).

During defendant's sentencing hearing, the following colloquy occurred:

> *The Court*: Is there anything you'd like to say before I impose sentence or any comment with regards to the presentence report?
>
> *[Defense Counsel]*: Your Honor, with regards to the presentence report, I think it's properly scored. I'd have no corrections.

Defense Counsel's response to the trial court affirmatively approved of the information in the PSIR. While defense counsel's statement could conceivably be interpreted as only addressing defendant's sentencing guidelines calculation, he specifically stated "I'd have no corrections" in response to the trial judge's question about the PSIR as a whole. As such, defense counsel affirmatively approved of the PSIR in its entirety. Consequently, defendant waived the issue and she cannot now change course and argue she is entitled to resentencing based on an error in the PSIR.[5]

Defendant also argues that her PSIR should be amended to explain that an authentic handgun was not used in the robbery. The description of the offense in the PSIR states as follows:

> The victim reported the male subject told her to open up the cash register and while saying this he reached into his waistband and pulled out a black and gray handgun. The victim reported the male subject did not point the gun at her, but pulled it out and showed her he had a gun.

This statement comports with the restaurant employee's preliminary examination testimony. Defendant suggests that language should be added that the store from which the gun came did not sell real guns and, therefore, the gun used in the robbery could not have been real. But no such fact was in evidence. Nevertheless, the trial court stated at the motion hearing that defendant could submit an addendum to the PSIR explaining that the police report stated that the victim "didn't think the gun was real because it looked like one she'd seen in the stores be--before, which was fake." Such an addendum is supported by the record, and endorsed by plaintiff on appeal. When, as here, "the trial court did not rely on the challenged information in the PSIR in sentencing

---

[5] We additionally note that the trial judge stated that whether the gun was real or fake had no effect on his sentencing decision because the object's involvement in the robbery "causes the victim certain issues which are significant." Consequently, defendant was not prejudiced by any error in the PSIR regarding whether the gun was real and the trial judge did not abuse his discretion by denying defendant's motion for resentencing.

defendant, resentencing is not required; rather, the remedy is to remand for the limited purpose of correcting the PSIR." *People v Spanke*, 254 Mich App 642, 650; 658 NW2d 504 (2003), overruled in part on other grounds in *People v Barrera*, 500 Mich 14; 892 NW2d 789 (2017). In this case, the PSIR of record reflects no amendment regarding the statement in the police report concerning the victim's doubts concerning the authenticity of the displayed weapon. Because the trial court expressed its approval of such an amendment from the bench, and the prosecution concurs on appeal, we think it appropriate to remand this case to the trial court for the ministerial task of ensuing that the PSIR is thus amended.[6]

## V. CONCLUSION

For the reasons stated in this opinion, we affirm defendant's conviction and sentence, but remand for ministerial amendment of the PSIR. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola

---

[6] We note that defendant additionally requested other changes to the PSIR related to whether the gun used in the robbery was real. The trial court denied those requests at the motion hearing. The trial court did not abuse its discretion by doing so. Thus, on remand the PSIR should be amended only to the extent the trial court already ordered at the motion hearing.