*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CLINT DANIEL KENNY,

Defendant-Appellant.

FOR PUBLICATION
May 21, 2020
9:05 a.m.

No. 347090
Muskegon Circuit Court
LC No. 17-004255-FH

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

MARKEY, P.J.

Defendant appeals by right his jury trial conviction of first-degree retail fraud, MCL 750.356c. He was sentenced as a third-offense habitual offender, MCL 769.11, to 14 months to 10 years' imprisonment. On appeal, defendant challenges the jury instructions relative to the elements of retail fraud, the sufficiency of the evidence, and the accuracy of the judgment of sentence. We affirm.

The prosecution presented evidence, including surveillance video, that defendant removed the "spider wrap"[1] from a $378 TV that was on display in a Walmart and then, after placing the TV in a shopping cart, removed a price label from the TV that contained the bar code that a cashier scans upon purchase. Additionally, there was evidence that defendant pushed the cart with the TV past the cash registers and up to a customer service area where he left the cart and TV unattended while he entered the men's restroom. The evidence revealed that after defendant exited the restroom, he retrieved the cart with the TV and headed in the direction of the store's exit. But before exiting and after making eye contact with a Walmart loss prevention employee and a police officer who had been contacted about defendant's suspicious behavior, defendant turned around

---

[1] A spider wrap is a theft detection device that has an alarm that will create a loud beeping noise if the device is tripped or broken in any way.

and went to a checkout lane. It was then that he was detained.[2] Additional details will be discussed below. Defendant was convicted of first-degree retail fraud by the jury; however, the jury acquitted defendant of deactivating or removing a theft detection device.

Before addressing defendant's arguments on appeal and to give proper context to the appellate arguments, we must examine the statutory scheme regarding retail fraud. The retail fraud statutes punish a person "who steals property of [a] store that is offered for sale[.]" MCL 750.356c(1)(b); MCL 750.356d(1)(b) and (4)(b). In general, first-degree retail fraud is committed if the property at issue "is offered for sale at a price of $1,000.00 or more," MCL 750.356c(1)(b), second-degree retail fraud is committed if the property "is offered for sale at a price of $200.00 or more but less than $1,000.00," MCL 750.356d(1)(b), and third-degree retail fraud is committed if the property "is offered for sale at a price of less than $200.00," MCL 750.356d(4)(b). Here, because the sale price of the TV was $378, it falls within second-degree retail fraud. Defendant, however, was charged with first-degree retail fraud because MCL 750.356c(2) provides that when a person commits second-degree retail fraud, he or she can be adjudged guilty of first-degree retail fraud if the person had a prior conviction for first-degree or second-degree retail fraud. Here, defendant had a prior conviction for first-degree retail fraud; therefore, in the instant case, the prosecution only had to prove the elements of second-degree retail fraud. Then, the offense increases to first-degree retail fraud if the trial court, not a jury, finds defendant has a prior conviction of retail fraud. MCL 750.356c(4).

The jury was instructed pursuant to M Crim JI 23.13, requiring the prosecution to prove that defendant took property from the store that was offered for sale, that defendant moved the property,[3] that defendant intended to steal the property,[4] that the occurrence happened inside or around the store, and that the price of the property was $200 or more, but less than $1,000.

Defendant first argues that under the plain meaning of the statutory language, the offense of retail fraud cannot be established with proof that he merely intended to steal the TV; rather, there had to be evidence that he actually stole the TV, which was not shown. As indicated above, MCL 750.356d(1)(b) punishes a person who "steals property," while M Crim JI 23.13 requires proof that a defendant "took some property," "moved the property," and "intended to steal the property." Although defendant frames the matter as a sufficiency argument, he is indirectly challenging the jury instructions on the elements of the crime. Defendant, however, waived any claim of error regarding the instructions by affirmatively voicing satisfaction with the instructions, which necessarily included the instructions on the elements of second-degree retail fraud. An affirmative statement that there are no objections to jury instructions constitutes express approval

---

[2] Defendant was allowed to leave the store but was later charged after authorities reviewed the video footage from the store's surveillance cameras.

[3] M Crim JI 23.13(3) provides that any movement suffices and that "[i]t does not matter whether the defendant actually got the property past the cashier or out of the store."

[4] M Crim JI 23.13(4) provides that intent to steal means "that the defendant intended to permanently take the property from the store without the store's consent."

of those instructions, and thereby waiving appellate review of any claimed error. *People v Kowalski*, 489 Mich 488, 505 n 28; 803 NW2d 200 (2011); *People v Hershey*, 303 Mich App 330, 351; 844 NW2d 127 (2013).

Moreover, reversal is unwarranted even if defendant did not waive an instructional-error claim. The crux of defendant's argument is that he did not "steal" the TV, considering that he "did not take a TV from Walmart – he never left the store with it." This position is in direct contradiction to M Crim JI 23.13(3), which instructs jurors that it is irrelevant whether the defendant removed the property from the store.[5] We conclude that a person "steals" property, as the term "steals" is used in MCL 750.356c(1)(b), MCL 750.356d(1)(b), and MCL 750.356d(4)(b), when he or she takes and moves store property with the intent to steal the property, which elements are encompassed by M Crim JI 23.13. For example, if a person takes a book from the shelf in a bookstore and moves or places the book inside the person's coat with the intent to steal the book, the person is guilty of stealing, regardless if the person has not yet left the bookstore. Of course, if a person has not walked past the cash registers or out the door with the property, it may be more difficult to show an intent to steal. Our conclusion is consistent with the definition of the word "steal" found in *Black's Law Dictionary* (9th ed), which provides, "To take (personal property) illegally with the *intent* to keep it unlawfully." (Emphasis added.)[6]

Our ruling is also consistent with *People v Reddick*, 187 Mich App 547, 551; 468 NW2d 278 (1991), in which this Court, addressing a sufficiency-of-the-evidence argument on a conviction for first-degree retail fraud, MCL 750.356c, held:

> In this case, defendant did not merely pick up goods in the sales area of the store. The evidence established that defendant took the merchandise out of the general sales area, past the store's cash registers, and moved to within ten feet of the front exit. When confronted and asked for a receipt, defendant pushed the cart away and ran out the front door and into the parking lot. The groceries in defendant's bags were valued at approximately $150, and defendant had only a few dollars in his possession. We find that such conduct by defendant made his possession adverse to the store.

---

[5] We acknowledge that a model instruction need not be given if it does not "accurately state the applicable law." MCR 2.512(D)(2)(b).

[6] In *People v Jones*, 467 Mich 301, 304; 651 NW2d 906 (2002), our Supreme Court observed as follows:

> The statute does not define the word . . ., so we may consult a dictionary to ascertain the meaning of the term. The Legislature requires that "technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a. Because [the word at issue] is a legal term of art, resort to a legal dictionary to determine its meaning is appropriate. [Citations omitted.]

Accordingly, because it was unnecessary for the prosecution to prove that defendant exited the store with the TV to establish the crime, we reject defendant's argument that there was insufficient evidence to establish that defendant stole the property where he did not actually leave the store with the TV. He clearly had intended to do so before he realized he had been discovered.

Defendant next contends that there was insufficient evidence to support the conviction because the TV was not for sale in the amount of $1,000 or more as necessary to prove first-degree retail fraud. We reject this argument because, as discussed earlier, defendant was not convicted of first-degree retail fraud because the sale price of the property being sold was $1,000 or more. Defendant's conviction for first-degree retail fraud was premised on the fact, to which defendant conceded, that defendant had a prior conviction for first-degree retail fraud.

Defendant next maintains that the trial court did not comply with MCL 750.356c(4), which provides:

> If the prosecuting attorney intends to seek an enhanced sentence based upon the defendant having 1 or more prior convictions, the prosecuting attorney shall include on the complaint and information a statement listing the prior conviction or convictions. The existence of the defendant's prior conviction or convictions shall be determined by the court, without a jury, at sentencing or at a separate hearing for that purpose before sentencing. The existence of a prior conviction may be established by any evidence relevant for that purpose, including, but not limited to, 1 or more of the following:
>
> (a) A copy of the judgment of conviction.
>
> (b) A transcript of a prior trial, plea-taking, or sentencing.
>
> (c) Information contained in a presentence report.
>
> (d) The defendant's statement.

Defendant argues that the court did not hold a separate hearing, nor did the court make a determination at the sentencing hearing that defendant had a prior conviction for first-degree retail fraud.

The prosecutor included a statement in the criminal complaint and information listing defendant's prior conviction for first-degree retail fraud. There was no separate hearing before the sentencing hearing, and at the sentencing, the court gave defendant the opportunity to read the presentence investigation report (PSIR), which referenced the prior conviction for first-degree retail fraud. When defendant was done reviewing the PSIR, the court asked him if he had any additions or corrections. Defendant, in turn, asked the trial court if the court was talking about his criminal record, and the court indicated that it was speaking about everything in the PSIR. Defendant responded, "Everything is right." Although the court did not specifically state that it found the existence of a prior conviction for first-degree retail fraud, we decline to remand the case given defendant's express concession and response to the court that his criminal record set forth

in the PSIR was correct. See MCL 769.26 (procedural error in criminal case does not require reversal unless it would result in a miscarriage of justice).

Defendant next argues that, assuming an intent to steal is an element of the offense, the evidence was insufficient to show that defendant intended to steal the TV. This Court reviews de novo the issue regarding whether there was sufficient evidence to support a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, it but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "All conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The element of intent may be inferred from circumstantial evidence. *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014). Because it can be difficult to prove a defendant's state of mind on issues such as intent, minimal circumstantial evidence suffices to establish defendant's state of mind. *Id.* A defendant's intent can be gleaned or inferred from his actions. *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011).

In this case, there was sufficient evidence to show that defendant intended to steal the TV. A Walmart employee witnessed defendant "wiggling and pulling" on the spider wrap wires in an effort to remove it. After defendant took the TV and left the electronics area, the spider wrap was found lying on the ground. Further, after police officers arrived and spoke with defendant and then allowed defendant to leave, a loss prevention employee and the officers watched the surveillance video to see precisely where in the store defendant went. After observing defendant's "path" through the store, the loss prevention employee retraced defendant's steps and found both the manufacturer sticker and price tag sticker—which included the clearance tag and bar code needed to purchase the TV—crumpled up on a shelf in one of the aisles that defendant entered while he had the TV in his cart.

The evidence established that defendant took the TV outside of the general sales area, walked past the cash registers, entered and exited the restroom, and began heading in the direction of the exit doors with the unpaid for TV with him in his cart. But when eye contact was made between him and an officer and the loss prevention employee, defendant changed direction and maneuvered to a cashier's lane. Additionally, the officer who arrested defendant testified that based on his history with suspects, defendant "didn't have any reason to suspect that anybody was following him or observing him, watching him, anything like that. Until he saw me, I believe that

he was going towards the exit of the store." The arresting officer opined that when defendant saw him, defendant "believed that he needed to go back into the store to hide his intent . . . ."

A juror could reasonably infer from the evidence described above regarding defendant's actions, conduct, and movements inside the store that he had every intent to steal the TV. Although defendant presented evidence suggesting a different conclusion, e.g., the testimony of his girlfriend about a blank check that she gave defendant to take into the store to buy a TV, it was for the jury to assess the weight of the evidence and the credibility of defendant's girlfriend. Reversal is unwarranted.

Finally, defendant argues that his judgment of sentence incorrectly provided that the charge of deactivating or removing a theft-protection device was dismissed by the court, when in actuality the jury found defendant not guilty of the charge. The judgment of sentence form used by the trial court is a SCAO approved form adopted under MCR 8.103(9), and the form does not specifically provide for the entry of an acquittal or a finding of not guilty. The form only allows for entry of information regarding convictions and dismissals. MCR 6.427, which concerns judgments of sentence, requires a judgment to include "the jury's verdict or the finding of guilt by the court." MCR 6.427(6). This provision appears to concern only guilty verdicts upon which a defendant is sentenced. MCR 6.427 further provides that "[i]f the defendant was found not guilty or for any other reason *is entitled to be discharged*, the court must enter judgment accordingly." (Emphasis added.) On the basis of this language, and consistent with the SCAO form, we conclude that when a jury finds a defendant not guilty of a charge, that verdict may be reflected by the entry of a dismissal of the charge in the judgment of sentence, which the trial court entered in this case. Accordingly, there is no need to remand for correction of the judgment of sentence.

We affirm.


/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Mark T. Boonstra